TOWN OF NORTH KINGSTOWN

v.

**Stephen CAMPO et al.**

**No. 98–366–Appeal.**

Supreme Court of Rhode Island.

April 4, 2000.

A. Lauriston Parks, Providence.

Frederick A. Costello, Providence.

**ORDER**

This appeal arises from a zoning variance granted in 1988 to the defendant, Stephen Campo (Campo), by the Zoning Board of Review of the Town of North Kingstown (the board), with respect to a vacant lot owned by Campo located in North Kingstown. Both parties were directed to appear and show cause why the issues raised in this appeal should not be summarily decided. None having been shown, we shall proceed to decide the case at this time.

In August 1988, Campo, the president and sole shareholder of Rhode Island Green, Inc., a landscaping company located in the Town of North Kingstown (the town), applied to the board for a use variance seeking permission for the outdoor storage of landscaping materials on a vacant lot he owned in the town. On August 23, 1988, the board granted the variance to allow for an accessory use (outdoor storage) on the property, despite the fact that the subject property was vacant and lacked a primary use. The board imposed numerous conditions that were designed to limit Campo's ability to expand his business onto the vacant lot, including a maximum limit of 85 cubic yards of mulch and cut firewood to be enclosed within a six-foot high stockade fence. Since 1994, the

town has been engaged in a lengthy enforcement action punctuated with a consent order and a further stipulation of settlement with Campo, who has allegedly violated the terms of the variance by exceeding the amount and type of materials stored on the property and by the storage of trucks and equipment on the property. In April of 1994, the town filed suit in Superior Court seeking to enjoin any further violations of the 1988 variance. Campo failed to answer the suit, and a default was entered by the clerk on June 30, 1994. However, it was not until the following March that the town applied for entry of judgment against Campo. On March 21, 1995, the parties entered into a Consent Order that outlined a procedure delineating the steps the defendant agreed to undertake to attempt to resolve the zoning violations. Although the defendant made application to the board for further relief, his request was ultimately denied. No appeal was taken from the board's decision denying the requested relief.

On February 10, 1997, the case was again before a justice of the Superior Court, and a second stipulation entered between the parties wherein the defendant agreed to a new course of action to attempt to bring the property into compliance with the town's zoning ordinance.

Although the town's planning commission approved an application for outdoor storage that differed from defendant's variance, this approval was conditioned on the granting of another variance by the board. This effort proved fruitless. The board again denied the request of a variance, and no appeal was taken from that decision.

The town then set about forcing Campo to comply with the conditions of the initial variance, notifying him of its intent to enforce the ordinance and filing a motion for entry of a default judgment dating back to 1994 in reliance on the previously entered entry of default. On May 6, 1998, following an evidentiary hearing at which the defendant was present and unrepresented, a justice of the Superior Court directed the entry of a default judgment. Again, defendant failed to appeal from this judgment. However, Campo, through counsel, filed a motion to vacate the default, which was denied. However, the hearing justice granted a partial stay of the judgment insofar as it related to the storage of mulch and firewood. Campo has appealed from the denial of his motion to vacate the default judgment. We sustain his appeal in part and reverse the judgment of the hearing justice.

In 1995, when the town undertook to force Campo to comply with the terms of the 1988 variance and the town's zoning ordinance, Campo failed to timely answer the complaint and a default was entered by the clerk. However, no judgment was entered at that time, and instead a consent order was entered between the parties. On appeal, Campo has argued, and we agree, that once the consent order was entered by the trial justice in 1995, the default was removed and the consent order was substituted as a final judgment. The case was therefore settled, and the default was no longer available to the town. The only remaining avenue available to the town was a motion for contempt of the provisions of the consent decree. Accordingly, we are satisfied that upon entry of the consent order, the entry of default was no longer viable and had been superseded by the consent order. In 1997, when the town returned to Superior Court after deciding that defendant was unwilling or unable to comply with the terms of the 1995 consent order and a new stipulation entered in 1997, the town merely postponed its right to seek contempt sanctions pursuant to the 1995 agreement and enforcement of the conditions of the 1988 variance. Having determined that Campo was still not in compliance with the consent order or the terms of the 1988 variance, the town was no longer entitled to seek a default judgment and was limited to whatever enforcement measures, including con-

tempt, that were available in Superior Court. However, the town had bargained away its rights to a default judgment when it entered into the 1995 settlement agreement.

In light of our decision that the trial justice erred in granting the town's motion for entry of default, we need not address the remaining issues raised by the parties, save for Campo's contention that the town is estopped from seeking enforcement of the terms of the 1988 variance in light of the significant efforts Campo made endeavoring to comply with the 1997 stipulation. We initially observe that nothing in the 1997 agreement contains any assurances that the requested zoning board relief would be granted. We also note that the agreement contained a provision requiring Campo to comply with all applicable ordinances of the town that was not dependent on his eventual success before the board. Thus, we are satisfied that the doctrine of equitable estoppel is inapplicable to the facts of this case. We agree with the hearing justice that the proper vehicle for seeking review of an adverse decision of the zoning board of review was through a separate administrative appeal, which Campo failed to pursue. Therefore, we conclude that the defense of estoppel is not available to this defendant.

Accordingly, for the reasons stated herein, the defendant's appeal is sustained in part and denied in part, and the judgment appealed from is vacated. The papers in this case may be remanded to the Superior Court.